UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 22-21723-CIV-MORENO/GOODMAN

SIMON URENA,

      Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

      Defendant.

_____/

## REPORT AND RECOMMENDATIONS
## ON PLAINTIFF'S NEGOTIATED FEES MOTION

In this social security benefits action, Simon Urena ("Plaintiff") filed a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [ECF No. 27]. After Plaintiff filed his motion, the parties negotiated a fee amount. *See* Defendant's Response to Plaintiff's Motion for Attorney's Fees Pursuant to the EAJA (D.E. 27) [ECF No. 30, p. 1 ("After a negotiation with opposing counsel, Defendant submits that the parties have reached an agreement as to a reasonable fee in this matter.")]. According to the Clerk's directive in these types of administrative appeals, all pretrial, non-dispositive matters have been referred to the Undersigned. [ECF No. 2].

Under the EAJA, the Court has discretion to require a defendant to pay the plaintiff's attorney's fees when the plaintiff is the prevailing party. For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **grant in part** Plaintiff's motion and award Plaintiff the agreed upon amount of **$11,337.08** in attorney's fees and **$402.00** in costs.

**I.    BACKGROUND**

Plaintiff initiated this action for judicial review of a final decision of the Commissioner of Social Security on June 6, 2022. [ECF No. 1]. Plaintiff and Defendant filed cross-motions for summary judgment. [ECF Nos. 19; 23]. The Undersigned issued a Report and Recommendations on the parties' summary judgment motions [ECF No. 25], recommending that Plaintiff's summary judgment motion be granted and that the matter be remanded pursuant to 42 U.S.C. § 405(g), for further consideration. Senior United States District Judge Federico A. Moreno adopted the Report and Recommendations [ECF No. 26] and remanded the case back to the Commissioner. Plaintiff then filed the instant fees motion. [ECF No. 27].

**II.    DISCUSSION**

**A.  Entitlement to Attorney's Fees**

A prevailing party is not ordinarily entitled to recover attorney's fees from his or her opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, the EAJA explicitly provides that "a court shall award to a *prevailing party* other

than the United States fees and other expenses, in addition to any costs." 42 U.S.C. § 2412(d)(1)(A) (emphasis added).

The EAJA empowers the Court to grant "reasonable fees and expenses of attorneys." *McCullough v. Astrue*, No. 08-61954-CIV, 2009 WL 2461798, at *1 (S.D. Fla. Aug. 10, 2009) (quoting 28 U.S.C. § 2412(b)). The Court may award a prevailing plaintiff attorney's fees and expenses unless the Commissioner can show that her position "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Here, because Plaintiff obtained a judgment in his favor, he is the prevailing party for purposes of the EAJA. *See Escalona v. Kijakazi*, No. 1:21-CV-20652-KMM, 2022 WL 18356253, at *1 (S.D. Fla. Dec. 30, 2022), *report and recommendation adopted*, No. 1:21-CV-20652-KMM, 2023 WL 199373 (S.D. Fla. Jan. 17, 2023) ("[The] [p]laintiff is the prevailing party in this litigation, as the Court remanded this case to the Commissioner of Social Security for further proceedings after granting summary judgment in favor of [the] [p]laintiff."). Further, Defendant does not dispute Plaintiff's entitlement to attorney's fees. Thus, the Undersigned finds that Plaintiff is entitled to receive attorney's fees under the EAJA.

### B. Amount of Attorney's Fees

The EAJA provides that:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services

3

> furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hours unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

42 U.S.C. § 2412 (d)(2)(A); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation").

Here, Plaintiff sought an hourly rate of $243.83 for work performed in this case. The parties subsequently negotiated an hourly rate of $234.95 for work performed in 2022 and $243.57 for work performed in 2023. Courts have approved the same or similar EAJA hourly rates. *See, e.g.*, *Williams v. Kijakazi*, No. 22-CV-60964, 2023 WL 5507723, at *1 (S.D. Fla. Aug. 24, 2023), *report and recommendation adopted*, No. 22-CV-60964-RS, 2023 WL 5507724 (S.D. Fla. Aug. 25, 2023) (awarding hourly rate of $234.95 for work performed in 2022 and 2023); *Allen v. Kijakazi*, No. 1:23-CV-20209-KMM, 2023 WL 4933147, at *2 (S.D. Fla. July 13, 2023), *report and recommendation adopted*, No. 1:23-CV-20209-KMM, 2023 WL 4930412 (S.D. Fla. Aug. 2, 2023) (finding requested rate of $234.95 reasonable for work performed in 2023); *Coyle v. Kijakazi*, No. 8:22-CV-2940-CPT, 2023 WL 5486654, at *2 (M.D. Fla. Aug. 24, 2023) (awarding hourly rates of $234.95 for 2022 and $242.50 for 2023). Thus, the Undersigned finds the parties' negotiated hourly rates to be reasonable.

Plaintiff asserts that his attorney expended 54 hours on this case. The parties subsequently agreed to a reduced number of hours (41.1 hours in 2022 and 6.9 hours in

2023), for a total of 48 hours. The Undersigned has reviewed the hours submitted in Plaintiff's motion and finds the agreed-upon 48 hours to be reasonable.

### C. Costs

Plaintiff also seeks to recover $402.00 for the filing fee. The docket reflects that Plaintiff paid this filing fee. [ECF No. 1 ("Filing fees $ 402.00 receipt number AFLSDC-15694195, filed by Simon Urena")]. Plaintiff should be permitted to recover this cost. *See Lee v. Comm'r of Soc. Sec.*, No. 21-CIV-80677, 2023 WL 399804, at *3 (S.D. Fla. Jan. 10, 2023), *report and recommendation adopted*, No. 21-80677-CV, 2023 WL 399849 (S.D. Fla. Jan. 25, 2023) (awarding $402.00 filing fee because "the EAJA permits an award of costs" and the parties agreed to the recovery of this cost); *Foerster v. Kijakazi*, No. 8:22-CV-1624-CPT, 2023 WL 2527010, at *3 (M.D. Fla. Mar. 15, 2023) ("find[ing] that the [p]laintiff [was] entitled to recover from the judgment fund the $402 filing fee he was charged to commence this matter" (citing 31 U.S.C. § 1304)). Moreover, the Commissioner does not oppose this request. Accordingly, the Court should award Plaintiff the full $402.00 for this cost.

### III. CONCLUSION

The Undersigned **respectfully recommends** that the District Court **grant in part** Plaintiff's motion and award him the agreed-upon **$11,337.08** in attorney's fees and **$402.00** in costs, contingent upon a determination by Defendant that Plaintiff owes no qualifying, preexisting debt(s) to the Government, for which sum let execution issue.

## IV.  OBJECTIONS

The parties will have two (2) days[1] from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within two (2) days of the objection. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, October 16, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All Counsel of Record

---

[1] The Undersigned is shortening the objections period because the parties have reached an agreement on Plaintiff's motion.