UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 22-21723-CIV-MORENO/GOODMAN

SIMON URENA,

        Plaintiff,

v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

_____/

REPORT AND RECOMMENDATIONS
ON PLAINTIFF'S UNOPPOSED FEES MOTION

In this Social Security Act ("SSA") benefits action, Plaintiff Simon Urena ("Plaintiff") filed a Motion for $51,624.93[1] in attorneys' fees pursuant to 42 U.S.C. § 406(b)(1). [ECF No. 35 ("Motion")]. Plaintiff represents that the Commissioner of Social Security ("Defendant" or "Commissioner") has indicated that he neither supports nor opposes Plaintiff's request for attorneys' fees. *Id.* at 4.

Pursuant to the Clerk's directive, this matter was referred to the Undersigned for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation

---

[1]     This amount "represents 25% of the retroactive benefits awarded to Plaintiff." [ECF No. 35, p. 3].

on any dispositive matters. [ECF No. 2]. For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's Motion.

### I.   BACKGROUND

Plaintiff applied for Social Security benefits with a disability onset date of January 1, 2017. [ECF. No. 36, ¶ 1]. His claim was denied, and after reconsideration, Plaintiff requested that his case be heard before an ALJ. *Id.* The ALJ found Plaintiff was not disabled within the meaning of the SSA. *Id.* at ¶ 2. Plaintiff then requested that the Appeals Council review the unfavorable decision. *Id.* The Appeals Council remanded the case but again found Plaintiff not disabled. *Id.* at ¶ 3. Plaintiff then requested a review of this decision but was denied. *Id.* Thereafter, Plaintiff retained legal counsel to appeal the denial of his benefits. *Id.* at ¶ 4. Attorneys Charles E. Binder ("Binder") and Gabrielle B. Saint Charles ("Saint Charles") represented Plaintiff in this matter. Their retainer agreement provided that if Plaintiff won, then he would pay twenty-five (25) percent of past-due benefits to legal counsel. *Id.*

Plaintiff successfully appealed the ALJ's decision, and initially sought an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [ECF No. 27]. The Court granted Plaintiff's EAJA motion and awarded him $11,336.08 in EAJA fees. [ECF Nos. 31; 32].[2] The Appeals Council then vacated the Commissioner's final decision

---

[2]      Plaintiff's counsel represents that upon receipt of the amount sought in this Motion, she will refund the previously awarded $11,337.08 EAJA fee to Plaintiff.

and remanded the case for a third hearing. [ECF No. 36, ¶ 7]. At this third hearing, Plaintiff was deemed disabled since January 1, 2018. *Id*.

Plaintiff now files this Motion requesting fees pursuant to 42 U.S.C. § 406(b). [ECF No. 35]. As noted above, Defendant did not file a response but Plaintiff's Motion "indicate[s] that the Commissioner neither supports nor opposes counsel's request for [section 406(b)] attorney's fees." *Id*. at 4.

## II.    ANALYSIS

### a.    Entitlement to Attorneys' Fees under 42 U.S.C. § 406

Under the SSA, if "a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of [twenty-five] percent of the total past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). Additionally, an award of fees under section 406(b) is offset by any prior award of attorney's fees granted under the EAJA. *See Gisbrecht v. Barnhart*, 535 U.S. 787, 796 (2002); *see also Black v. Culbertson*, 470 F. App'x 737, 739 (11th Cir. 2012) ("If an attorney receives attorney's fee[s] under both the EAJA and section 406(b), he must refund the smaller fee to his client, but 'may choose to effectuate the refund by deducting the amount of an earlier EAJA award from [the] subsequent [section] 406(b) fee request.'" (internal citation omitted)).

Here, Plaintiff's request for $51,624.93 in attorneys' fees is within the 25% cap placed by section 406(b) and is reasonable. Moreover, there is no evidence of fraud or overreaching by Plaintiff's counsel. In addition, Plaintiff's counsel did not delay this matter, and Plaintiff will continue to receive benefits until reaching retirement age, of which his counsel receives no compensation as attorneys' fees are limited to 25% of the retroactive benefits. [ECF No. 35, p. 2].

Accordingly, Plaintiff is entitled to receive $51,624.93 in attorneys' fees under 42 U.S.C. § 406(b) because the Court entered a judgment favorable to Plaintiff and Defendant did not object to Plaintiff's requested relief.

### b.  Plaintiff's Requested Fee Award is Reasonable

Under the *Grisbrecht* method, the Court must ensure that any 42 U.S.C. § 406(b) request is consistent with the contingency fee agreement between Plaintiff and his legal counsel, and that the request is within the statutory maximum of 25% of past-due benefits. *See Grisbrecht*, 535 U.S. at 795–97. The attorneys seeking a fee have the burden to prove that the fee request is reasonable, and then the "courts must look to the agreement made by the parties and independently review whether the resulting fee is reasonable under the circumstances." *Keller v. Comm'r of Soc. Sec.*, 759 F.3d 1282, 1284 (11th Cir. 2014).

In addition to considering the 25% statutory limit, the Court may look at the contingency fee agreement's terms, the record of hours spent, the complexity of the case, and the result of the litigation, to determine the reasonableness of fees. *See Grisbrecht*, 535

U.S. at 808–09; *see generally Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (internal citation

omitted) (holding that district courts must "provide concise but clear explanation of its

award").

"An attorney may obtain a fee under both § 406(b) and the EAJA but must refund

the lesser fee to the claimant and may do so by deducting the EAJA fee from the § 406(b)

fee." *Filipowicz v. Comm'r of Soc. Sec.*, No. 8:22-CV-1240-PDB, 2024 WL 4443585, at *1 (M.D.

Fla. Oct. 8, 2024) (citing *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010)).

Here, upon receipt of the $51,624.93, Plaintiff's counsel will directly refund Plaintiff the

previously awarded EAJA fee of $11,337.08. [ECF No. 35, p. 4].

Furthermore, Plaintiff's legal counsel is seeking 25% of Plaintiff's past-due benefits

($206,499.70),[3] which is $51,624.93. [ECF Nos. 36; 36-2]. This request is consistent with the

contingency fee agreement between Plaintiff and his counsel. [ECF No. 36-2]. The fee

agreement states that "[if the appeal is successful] . . . the law firm is to receive up to

twenty-five percent . . . of any past due benefits due to me and my family[.]." *Id.*

Additionally, Plaintiff's counsel's effective hourly rate of $956.20[4] is within the

Eleventh Circuit's boundary of reasonable fees. *See, e.g., Beira v. Comm'r of Soc. Sec.*, No.

---

[3]     This amount was calculated by multiplying the total amount of past-due benefits
by 25%. Based on the SSA Notice of Award, dated August 13, 2024 [ECF No. 36-2, p. 7],
the SSA withheld $51,624.93 "withhold[ing] 25 percent of past-due benefits[.]" *Id.* at 9.

[4]     Should the Court approve the requested award of $51,624.93, it would result in a
*de facto* hourly rate of approximately $956.02. ($51,624.93 / 54 hours = $956.02 per hour).

6:12-cv-147-Orl-18DCI, 2021 WL 275905 (M.D. Fla. Jan. 4, 2021) (approving fee as reasonable even though it resulted in a *de facto* hourly rate of $2,620.10 for counsel from same law firm as here), *report and recommendation adopted*, 2021 WL 268643 (Jan. 27, 2021); *Taggart v. Comm'r of Soc. Sec.*, No. 9:18-cv-80757, 2021 WL 86809 (S.D. Fla. Jan. 11, 2021) (approving fees that resulted in an hourly rate of $1,630.50); *White v. Comm'r of Soc. Sec.*, No. 6:09-cv-1208-Orl-28GJK, 2012 WL 1900562 (M.D. Fla. May 2, 2012) (finding fee that resulted in *de facto* hourly rate of $1,491.09 was not a windfall); *Amador v. Acting Comm'r of Soc. Sec.*, No. 8:16-cv-3271-T-MCR, 2019 WL 2269826 (M.D. Fla. May 28, 2019) (effective hourly rate of $1,474 not a windfall). *Cf. Gossett v. Soc. Sec. Admin.*, 812 F. App'x 847 (11th Cir. 2020) (finding district court abused its discretion in determining reasonable fees under § 406(b) by focusing on the resulting hourly rate and declining to hold that the requested fees resulting in an effective rate of $5,218.71 an hour was *per se* unreasonable).

Plaintiff's legal counsel, Saint Charles and Binder, together expended 54 hours in this case. *Id.* at 5.[5] Saint Charles has practiced law since 2009 and focuses on Social Security disability cases. [ECF No. 36, ¶ 10]. Binder has almost exclusively worked on Social Security disability cases. *Id.* at ¶ 12. He was "an officer and member of the Executive Committee of the National Organization of Social Security Claimants' Representatives ("NOSSCR") . . . as well as a past president of the New York Social Security Bar Association." *Id.* Binder has also lectured on SSA-related topics on behalf of

---

[5]      Binder expended 5.50 hours and Saint Charles expended 48.50 hours.

the New York State Bar Association, at NOSSCR conventions, conferences on Social

Security disability, and various foundations pertaining to the elderly and disabled. *Id.*

Collectively, Plaintiff's legal counsel parsed through a 3,560-page Social Security

transcript, which involved two separate ALJ hearings. [ECF No. 15]. Additionally, they

composed a prevailing motion for summary judgment, and successfully helped reinstate

Plaintiff's social security benefits. [ECF No. 23].

Thus, considering the amount of time Plaintiff's legal counsel dedicated to this case,

the attached contingency agreement, the services performed, the quality of

representation, Saint Charles and Binder's experience, and Defendant's lack of

opposition, the Undersigned finds that the requested benefits are reasonable because they

are within the 25% limit of past-due benefits awarded to Plaintiff and are not so "large in

comparison to the amount of time counsel spent on the case." Therefore, a downward

adjustment is unnecessary. *See Gisbrecht*, 535 U.S. at 808; *see also Gossett v. Soc. Sec. Admin.,*

*Comm'r*, 812 F. App'x 847, 850-51 (11th Cir. 2020).

### III.    CONCLUSION

The Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's

Motion [ECF No. 35] and award Plaintiff $51,624.93 in attorneys' fees pursuant to 42

U.S.C. § 406(b). This sum should be paid directly to Plaintiff's counsel from past-due

benefits currently being withheld by Defendant. Upon receipt of the amount sought in

this Motion, counsel will refund the previously awarded $11,337.08 EAJA fee to Plaintiff.

## IV.   OBJECTIONS

The parties will have **three (3) days**[6] from the date of being served with a copy of

this Report and Recommendations within which to file written objections, if any, with the

District Judge. Each party may file a response to the other party's objection within **three**

**(3) days** of the objection. Failure to timely file objections shall bar the parties from a de

novo determination by the District Judge of an issue covered in the Report and shall bar

the parties from attacking on appeal unobjected-to factual and legal conclusions

contained in this Report except upon grounds of plain error if necessary in the interest of

justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*,

885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on October

23, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All Counsel of Record

---

[6]     The Undersigned is shortening the objections period (and the response to the objections) period from 14 days to three days because the Commissioner takes no position on the instant motion and the Undersigned does not anticipate any objections from Plaintiff who would receive the full amount requested if this Report and Recommendations is adopted.